688 S.E.2d 120

Governor Marshall C. SANFORD, Jr., Petitioner,

v.

SOUTH CAROLINA STATE ETHICS COMMISSION and Herbert R. Hayden, Jr., in his official capacity as Executive Director of the State Ethics Commission, Respondents,

The Honorable Robert W. Harrell, Jr., Speaker of the South Carolina House of Representatives, Intervenor.

Supreme Court of South Carolina.

Dec. 2, 2009.

## ORDER

This matter is before the Court pursuant to a petition for rehearing, or alternatively for clarification, filed by Robert W. Harrell, Speaker of the South Carolina House of Representatives. Therein, Speaker Harrell seeks clarification of the opinion issued by the Court in this matter on November 5, 2009. The South Carolina State Ethics Commission has filed a return in which it agrees clarification would be helpful. Although, we believe the mandate set forth in the opinion was clear, we grant the request for clarification given the confusion evidenced by the Commission's return.

In unmistakably unambiguous language, we held in our November 5th opinion that "the Governor's August 28th letter constituted a complete waiver of **his** right to confidentiality under section 8–13–320(10)(g) . . . ." We emphasized that "Governor Sanford's waiver . . . reaches all documentation to which **he** is entitled."

However, the Commission now takes the position, based on a flawed interpretation of this Court's opinion, that it must hold a hearing on the Governor's pending Motion to Enjoin Dissemination of Investigative Report before public dissemination of *any* documentation relating to its investigation of the Governor. The Speaker maintains this Court's opinion requires the Commission to release, without the necessity of a hearing, *all* documents, including the investigative report, that

the Commission provides, or has provided, to the Governor during the course of its investigation.

This Court's opinion of November 5, 2009, unambiguously supports the Speaker's position.[1] We therefore order the Commission to *immediately* make public all documents provided to the Governor during the course of its investigation in the underlying matter.[2]

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.

s/ John H. Waller, Jr., J.

s/ Donald W. Beatty, J.

s/ John W. Kittredge, J.

Based on my earlier dissent, I would grant the petition for rehearing.

s/ Costa M. Pleicones, J.

---

1. While the Commission is correct that the Court's opinion consists of two parts, the first part of the opinion merely found the requirements for a writ of mandamus were not met by either the Governor or the Speaker due in part to the fact that both had other avenues of obtaining the relief they sought, including the Governor's motion for an injunction pending before the Commission. However, in the second part of the opinion, the Court construed the Governor's petition for a writ of mandamus as a request for injunctive relief and denied such relief based on the finding that the Governor waived his right to confidentiality as to all documentation to which he is entitled. In light of this finding, the Court's earlier finding that the pending·motion before the Commission constituted an alternative method of obtaining relief precluding the issuance of a writ of mandamus does not require the Commission to provide the Governor with a hearing on his pending motion before it can publicly disseminate "all documentation to which [the Governor] is entitled." In other words, if documentation has been provided to the Governor, it is automatically public. The Court also clearly held that the Governor's waiver did not extend to the Commission's work product and internal investigative process. Otherwise, the Court left it to the Commission in the first instance to determine what *other matters and documentation* are subject to the Governor's waiver, noting the Commission could make such a determination, if necessary, when it ruled on the Governor's pending motion for an injunction.

2. We note this is a continuing obligation on the part of the Commission.